The Honorable Percy Malone State Senator 518 Clay Street Arkadelphia, AR 71923-6024
Dear Senator Malone:
I am writing in response to your request for an opinion on the following questions concerning the Arkansas Freedom of Information Act (FOIA), A.C.A. §§ 25-19-101—109 (Repl. 2002 and Supp. 2005):
 1. Is a request for all communications between anyone in the University of Arkansas for Medical Sciences College of Medicine/the chancellor's office and the Accreditation Council for Graduate Medical Education within a certain time frame specific enough?
 2. Is there any difference under the law between public access to paper records and public access to records stored electronically?
 3. Can UAMS charge the public for personnel time associated with retrieving records kept electronically, such as emails?
 4. How long does UAMS have to evaluate an FOI request before responding? How long does UAMS have to respond to an FOI request when denying it?
You note that these questions pertain to a journalist's request for documents under the FOIA, and you have provided copies of related correspondence between the journalist and UAMS.
RESPONSE
In response to your first question, I cannot definitively decide this matter because the finding of facts is beyond my authority. UAMS's request for more specificity may have been an appropriate first response, depending upon all the facts. With regard to your second question, the essential requirements are the same, although there are certain provisions of law that apply only to electronic data, due to its unique nature. The answer to your third question is generally "no." With regard to your fourth question, there is no established, standard time frame. Records that are in either active use or storage ordinarily must be made available within three working days. But in my opinion, there is no basis for waiting a standard three days to respond. In my opinion, the custodian should promptly notify the requester if it is apparent that the request either needs to be more specific or that it will be denied.
Question 1 — Is a request for all communications between anyonein the University of Arkansas for Medical Sciences College ofMedicine/the chancellor's office and the Accreditation Councilfor Graduate Medical Education within a certain time framespecific enough?
The FOIA states that "[a] citizen may make a request to the custodian to inspect, copy, or receive copies of public records." A.C.A. § 25-19-105(a)(2)(A) (Supp. 2005). The "custodian" is defined as "the person having administrative control of that record." A.C.A. § 25-19-103(1)(A) (Supp. 2005). The act provides further in relevant part that "[t]he request shall besufficiently specific to enable the custodian to locate therecords with reasonable effort. A.C.A. § 25-19-105(a)(2)(C) (emphasis added).
These provisions are at the heart of your question concerning the specificity of the FOIA request at issue. In my opinion, the determination whether a particular request for records under the FOIA is "sufficiently specific" necessarily depends upon the particular surrounding circumstances. In this particular instance, legal counsel for UAMS determined that more specificity was required because of the "broad scope" of the request, given the large number of employees and students in the College of Medicine and Chancellor's Office. Letter from Marshal Ballard to Nell Smith (March 27, 2006). I am not in a position to definitively decide the matter as the finding of facts is outside my authority. The pertinent question is whether the custodian can locate the requested records with a reasonable amount of effort. UAMS apparently determined that the custodian in this case could not reasonably be expected to locate the records without more information concerning the requested communications. In my opinion, this may have been an appropriate first response to the FOIA request, depending upon all the facts.
Question 2 — Is there any difference under the law betweenpublic access to paper records and public access to recordsstored electronically?
The basic requirements are the same. See A.C.A. §§25-19-103(5)(A) (defining "public records" to include "electronic or computer-based information. . . ."). See also A.C.A. §25-19-105(a) and (d) (regarding examination and copying of public records).
There is one notable distinction, however, with respect to so-called "special requests" for electronic information. Arkansas Code Annotated § 25-19-109 (Repl. 2002) provides as follows regarding such requests:
 (a)(1) At his or her discretion, a custodian may agree to summarize, compile, or tailor electronic data in a particular manner or medium and may agree to provide the data in an electronic format to which it is not readily convertible.
 (2) Where the cost and time involved in complying with the requests are relatively minimal, custodians should agree to provide the data as requested.
 (b)(1) If the custodian agrees to a request, the custodian may charge the actual, verifiable costs of personnel time exceeding two (2) hours associated with the tasks, in addition to copying costs authorized by § 25-19-105(d)(3).
 (2) The charge for personnel time shall not exceed the salary of the lowest paid employee or contractor who, in the discretion of the custodian, has the necessary skill and training to respond to the request.
 (c) The custodian shall provide an itemized breakdown of charges under subsection (b) of this section.
The general rule is that a custodian is not required to compile information or create new records in response to a FOIA request. A.C.A. § 25-19-105(d)(2)(C). The above provision, however, recognizes the advent of technology that can accommodate requests for information in non-traditional formats. It permits, and indeed appears to encourage, the custodian of the records, at his or her discretion, to "summarize, compile, or tailor electronic data in a particular manner or medium" and provide such data in an electronic "format" to which it is not readily convertible.[1] A primary change in connection with copy charges is that subsection 25-19-109 permits the custodian in such situations to impose charges for the personnel time that is required to comply with such requests. This is a departure from the generally applicable rule that custodians may not charge for the personnel time that is required to comply with a FOIA request. See A.C.A. § 25-19-105(d)(3)(A)(i).
Question 3 — Can UAMS charge the public for personnel timeassociated with retrieving records kept electronically, such asemails?
Generally, "no." As discussed below, however, there might be an exception in certain cases based upon the need to employ outside personnel due to the size of a copying request .
In addressing this question, I must initially note my disagreement with UAMS's apparent view of the particular FOIA request at issue. According to the correspondence you provided, UAMS viewed the request as falling within A.C.A. § 25-19-109, the provision governing "special requests" for electronic information, supra. In my opinion, however, subsection25-19-109 was not applicable. That subsection applies in the case of requests for the customization of electronic data or the conversion of such data to a particular format. In my opinion, the request at hand involved neither the compilation nor the conversion of data as contemplated by § 25-19-109. The requester instead sought particular e-mail communications. Apparently, there was an issue regarding the specificity of the request.See Question 1, supra. But once the request is "sufficiently specific" so as to satisfy A.C.A. § 25-19-105(a)(2)(C), the e-mails must in my opinion be provided, with no charge for the associated personnel time, unless perhaps a charge would be authorized in the particular case pursuant to A.C.A. §25-19-105(d)(3)(A)(i), as discussed below.
The rule regarding charges for personnel time associated with FOIA requests is set forth in A.C.A. § 25-19-105(d)(3)(A)(i) as follows:
 Except as provided in § 25-19-109 ["special requests" for electronic information] or by law, any fee for copies shall not exceed the actual costs of reproduction, including the costs of the medium of reproduction, supplies, equipment, and maintenance, but not including existing agency personnel time associated with searching for, retrieving, reviewing, or copying the records.
A custodian therefore may not charge for "existing agency personnel time" associated with reproducing public records in response to a FOIA request. This is the rule regardless of whether the request involves electronic records, paper records, or records in some other medium.
I have previously observed the following regarding this proscription:
 This language was added during the legislative process in 2001, when the legislature passed Act 1653 based on the Commission report as noted above. In my opinion, the language may be interpreted to mean that personnel time associated with the task might be included in the copy fee if "existing agency personnel" are not used due to the size of the copying request. Whether the use of outside personnel is authorized will, of course, ultimately depend upon the particular facts at hand. The custodian is required to itemize the charges (subsection (d)(3)(B), supra) and should be prepared to justify them.
Op. Att'y Gen. 2003-203 (emphasis added).
Depending upon the size of the copying request, therefore, it seems that subsection 25-19-105(d)(3)(A)(i) might support charging for time spent by outside personnel in reproducing the records. In my opinion, however, this is limited to exceptional circumstances involving the reproduction of voluminous records. Regarding the FOIA request at issue, involving particular communications by persons at UAMS, I do not know how many such communications may be involved; nor do I know whether this could be considered an exceptional situation where the use of outside personnel to copy such records would be justified on all the facts.
Question 4 — How long does UAMS have to evaluate an FOI requestbefore responding? How long does UAMS have to respond to an FOIrequest when denying it?
These questions appear to be prompted by a concern that UAMS improperly waited three, and in one instance four, days to respond to certain FOIA requests.[2]
A three-day interval ordinarily applies in the case of a request for records that are in "active use or storage" at the time of the request. A.C.A. § 25-19-105(e). See, e.g., Op. Att'y Gen.2000-059. Subsection 25-19-105(e) states:
 If a public record is in active use or storage and therefore not available at the time a citizen asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within three (3) working days at which time the record will be available for the exercise of the right given by this chapter.
This three-day time frame obviously was developed in recognition of the need to gather the requested records and make them available for inspection and copying. My predecessors have stated that more time may be justified, depending upon the particular circumstances. See, e.g., Ops. Att'y Gen. Nos. Nos. 2000-059; 1996-354; 1994-225; 1992-289.
The particular issue underlying these questions with respect to UAMS is distinct in that it involves a FOIA request that arguably was not "sufficiently specific" (A.C.A. § 25-19-105(a)(2)(C)). The concern is that by waiting three days to request more specificity, UAMS violated the FOIA. The FOIA is silent on this point. The three-day statutory time period does not address this scenario. It would seem as a general matter that less time
would be required to determine whether a request is sufficiently specific. But the FOIA offers no clear guidance on this issue. Certainly, there is no basis in the FOIA for any standard policy of waiting for three days to respond to FOIA requests. Cf. Op. Att'y Gen. 1996-354 (opining that a school board's standard forty-eight hour policy for complying with FOIA requests was contrary to the FOIA). And in my opinion, a custodian should promptly notify the requester if it is apparent from the request that it lacks specificity. If the custodian knows immediately that the request cannot be processed because it needs to be more specific, I see no justification for a delay. This seems consistent, moreover, with the general requirement that records must be made available immediately upon request if they are not in active use or storage. While instant access ordinarily is not the norm because the records of most agencies will be in either active use or storage, the requirement nevertheless reflects legislative intent for public records to be provided without delay when possible.
A similar analysis applies with respect to that part of your question concerning the denial of a FOIA request. As I have previously observed, unlike the law in some other states, our FOIA "contains no generally applicable provision detailing the obligation of the custodian to respond. . . ." Op. Att'y Gen.2005-298. Notwithstanding the act's silence on this point, I have stated that "an implicit duty exists for a custodian to respond to an FOIA request in some fashion, even where the records requested do not exist." Id. Regarding the requisite time frame, similar to the above analysis, I see no basis for any standard policy of waiting for three days to completely deny a request. Although the circumstances will obviously vary, I believe a custodian has an obligation to respond fairly immediately when it can be determined from the request that the records either will not be provided or do not exist.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The term "medium" means "the physical form or material on which records and information may be stored or represented and may include, but is not limited to, paper, microfilm, microform, computer disks and diskettes, optical disks, and magnetic tapes." A.C.A. § 25-19-103(3). "Format" means "the organization, arrangement, and form of electronic information for use, viewing, or storage." Id. at (2).
[2] Although the provisions of the FOIA pertaining to "personnel" records do not appear to be implicated, it should be noted that upon receiving a request for such records, the custodian "shall determine within twenty-four (24) hours of the receipt of the request whether the records are exempt from disclosure and make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision." A.C.A. § 25-19-105(c)(3)(A). I should also note that there appears to be no issue in this case regarding the immediate availability of the requested records. The records presumably were "in active use or storage" and therefore were not immediately available when requested, as contemplated by A.C.A. § 25-19-105(e). See, e.g., Ops. Att'y Gen. Nos. 1998-223 and 1994-225 (observing that subsection25-19-105(e) generally contemplates records being made available immediately upon request if they are not in active use or storage).